**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMOTHY A. THOMPSON**                                                                 **PLAINITFF**

**v.**                                                  **CIVIL ACTION NO.: 1:11-CV-137-SA-DAS**

**DIRECT OUTDOOR PRODUCTS,
a/k/a DOP, LLC**                                                                 **DEFENDANT**

## ORDER

Before the Court is Plaintiff's Objections and Appeal of Magistrate's Order [89]. For the following reasons, the Plaintiff's objections are overruled and the Magistrate Judge's Order [87] is affirmed in all respects.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This is a products liability case in which Plaintiff alleges he was injured due the collapse of a tree stand ladder. Plaintiff's complaint asserts claims for breach of express and implied warranties. After numerous extensions, the following case management deadlines were in effect for this case:

    Plaintiff's designation of Experts:    4/04/2012
    Discovery:    6/20/2012
    Motions:    7/02/2012
    Trial:    10/1/2012

On April 2, 2012 the Plaintiff designated A.K. Rosenhan as an expert witness in the field of mechanical engineering and tendered his expert report. This report contains no mention of a design defect in the ladder. After receiving Rosenhan's report and designating its own expert witness, Defendant deposed Rosenhan on June 14, 2012. The discovery deadline passed on June 20, 2012. Eight days later, Plaintiff provided Defendant with a "Second Supplemental Response" which included a letter from Rosenhan describing for the first time a "simple collar" which Plaintiff's contends is a feasible alternative design of the ladder at issue in this case.

Defendant moved to strike the supplemental response, arguing that this was an entirely new opinion and not a "supplement," and that in any event it was untimely as the Local Rules do not allow supplementation past the discovery deadline. Plaintiff responded that Federal Rule of Civil Procedure 16 allows a scheduling order to be modified for "good cause," and on July 27, 2012, filed a third motion to extend the case management deadlines and/or for the trial be continued. The Magistrate Judge applied the Fifth Circuit's four factor "good cause" balancing test and concluded that the Plaintiff had failed to demonstrate good cause. Consequently, the Magistrate Judge granted the Motion to Strike [68] and denied Plaintiff's Third Motion to Extend CMO Deadlines [75].

## STANDARD OF REVIEW

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine nondispositive motions. 28 U.S.C. § 636(b)(1)(A)[1]; L.U. Civ. R. 72(d). "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law." L.U.Civ.R. 72(a)(1)(B); see also Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); O'Neal v. Cazes, 257 F. App'x 710, 717 (5th Cir. 2007); Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

However, if a magistrate judge is assigned, without the parties' consent, "a pretrial matter dispositive of a claim or defense," then the magistrate judge may only issue a recommended

---

[1] 28 U.S.C. § 636 enumerates a non-exhaustive list of dispositive motions, including motions (1) for injunctive relief, (2) for judgment on the pleadings, (3) for summary judgment, (4) to dismiss or quash an indictment or information, (5) to suppress evidence in a criminal case, (6) to dismiss or permit the maintenance of a class action, (7) to dismiss for failure to state claim upon which relief can be granted, (8) and to involuntarily dismiss an action.

disposition, and "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b). Plaintiff argues that Magistrate Judge Sanders erroneously characterized the motions at issue as nondispositive, because due to the effect of the rulings, "the Court has disposed of Plaintiff's claim of 'design defect' against Defendant." According to Plaintiff, the rulings should be reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous standard. The Court finds this argument to be without merit.

A defendant made a similar argument in Pigott v. Sanibel Development, LLC, 2008 WL 2937804 (S.D. Ala. July 23, 2008), after the magistrate judge refused to allow an untimely supplementation of an expert opinion which was critical to establishing an affirmative defense. The district judge held, "[d]iscovery/scheduling matters are manifestly nondispositive in character, and lie[] in the heartland of the types of nondispositive issues as to which magistrate judges routinely enter orders rather than reports and recommendations." Id. at *3 (citing cases). "Caselaw is abundant for the common-sense proposition that a magistrate judge ruling on a nondispositive matter does not somehow mutate into a ruling on a dispositive matter simply because the ruling ultimately affects the outcome of a claim or defense." Id. at *4 (citing cases). Indeed, "[w]ere the law otherwise, nondispositive magistrate judge rulings would be vanishingly rare; after all, virtually every decision on discovery, scheduling, evidentiary and other matters has the potential to affect the ultimate outcome of a claim or defense. That is simply not the test for distinguishing between dispositive and nondispositive motions pursuant to Rules 72(a) and (b)." Id. at *4, n.7.

Because Magistrate Judge Sanders' order does not address the merits of the case , but is confined to the purely ministerial matters of whether to allow untimely supplementation of discovery responses, or whether the case management deadlines would be extended, the Court concludes that

3

the rulings are of a nondispositive character. See e.g. Lithuanian Commerce Corp. v. Sara Lee Hosiery, 179 F.R.D. 450, 456 (D.N.J. 1998) ("I review a magistrate judge's evidentiary determinations regarding expert testimony, even where they may ultimately affect the outcome of a claim or defense, as non dispositive orders"); Jesselson v. Outlet Associates of Williamsburg, Ltd. Partnership, 784 F. Supp. 1223, 1228 (E.D. Va.1991) (magistrate judge's ruling excluding evidence that may substantially affect plaintiffs' ability to present their case is nondispositive, inasmuch as magistrate did not reach merits of plaintiffs' case, but simply made evidentiary rulings without regard to their impact on the litigation's outcome); Melton v. Jewell, 2006 WL 5175756, *1 n.1 (W D. Tenn. Feb. 17, 2006) (magistrate judge's evidentiary rulings are non-dispositive orders, even where they may ultimately affect the outcome of a claim or defense); Mosaid Techs. Inc. v. Samsung Elecs. Co., 2004 WL 2550309, *2 (D.N.J. Oct. 1, 2004) ("even if a magistrate judge's order has the potential to materially affect the outcome of an issue, the order should still be reviewed under the more deferential standard.") Consequently, the Magistrate Judge's rulings may not be disturbed unless clearly erroneous or contrary to law.

## DISCUSSION

Turning to the merits, the Court notes that the Plaintiff fails to acknowledge Defendant's initial argument (or the Magistrate Judge's conclusion) that Rosenhan's opinions regarding the feasible alternative design are not a supplement to his original expert report, but are entirely new opinions which should have been disclosed well before the discovery deadline. Under Rule 26(a)(2), the parties' expert disclosure must be accompanied by a written report which contains "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i); see also Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 569 (5th Cir.

4

1996) ("Rule 26(a) requires initial expert disclosures to be complete and detailed"); L.U.Civ. R. 26(a)(2) ("Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.")

Federal Rule of Civil Procedure 26(e)(1) provides that parties are under a duty to supplement their disclosures or discovery responses when they learn that a prior response was incomplete or incorrect and that the additional corrective information was not otherwise known to the other parties during the discovery process. FED. R. CIV. P. 26(e)(1). "A party is under a duty to supplement disclosures at appropriate intervals pursuant to Federal Rule of Civil Procedure 26(e) and in no event later than the discovery cut-off established by the scheduling order." L.U.Civ.R. 26(a)(5).

However, "supplemental expert reports cannot be used to 'fix' problems in the initial reports." Cooper Tire & Rubber Co. v. Farese, 2008 WL 5104745, at *4 (N.D. Miss. Nov. 26, 2008). "The purpose of supplementary disclosures is just that-to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998); see also Shelter Mut. Ins. Co. v. Culbertson's Ltd., 1999 WL 135297, at *4 (E.D. La. 1999) (Expert report discussing issues not included in initial report cannot be considered "supplementary"). Accordingly, Rosenhan's opinions regarding the alternative design cannot be characterized as supplement to his original report, see Cooper Tire, 2008 WL 5104745 at *4, and the opinions in the "Second Supplemental Response" should have been disclosed months ago.[2]

Rule 37 provides: "If a party fails to provide information . . . as required by Rule 26(a) or

---

[2]However, regardless whether the report is characterized as a supplement or a new opinion, Rosenhan's testimony regarding the "simple collar" was untimely.

5

(e), the party is not allowed to that information . . . at hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Pursuant to Federal of Civil Procedure 16, a scheduling order may be modified "only for good cause and with the judge's consent." To determine whether good cause exists, the court considers four factors: (1) the explanation for the failure to complete the report on time; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. See Reliance Ins. Co. v. Louisiana Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997). Specifically, Judge Sanders found that: (1) Plaintiff failed to provide a valid reason for the untimely disclosure; (2) the testimony was important to Plaintiff's case; but that (3) the Defendant would be prejudiced because it would be untenable to reopen discovery at this point; and (4) a continuance was not warranted to address an issue that should have been addressed months ago. The Court cannot conclude on the record before it that Judge Sanders' determination was either clearly erroneous or contrary to law. Accordingly, Plaintiff's Objections are overruled and the Magistrate Judge's Ruling is affirmed in all respects.

SO ORDERED on this, the 7th day of September, 2012.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**